**UNITED STATES of America**

v.

**Roy Albert GORDON.**

**No. 57 CR 296.**

United States District Court,
N. D. Illinois, E. D.

Dec. 19, 1957.

½

Robert Tieken, U. S. Atty., for the N. D. Ill., Chicago, for plaintiff.

Karl M. Milgrom, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

The defendant was indicted April 24, 1957, for failure to submit to induction at Chicago, Illinois, on November 23, 1956, in violation of Section 12, Universal Military Training and Service Act of 1948, Section 462, Title 50 Appendix, United States Code Annotated.

The defendant was arraigned on June 4, 1957, and entered a plea of not guilty. On September 17, 1957, the defendant served a subpoena duces tecum on Robert Tieken, United States Attorney, and Richard D. Auerbach, Agent in Charge of the Chicago Office of the Federal Bureau of Investigation, which required the production of "complete secret investigative report made by the agent or agents of the Federal Bureau of Investigation and used by Thomas J. Cavanagh, Hearing Officer of the Department of Justice, in conducting a hearing and making his report on the conscientious objections of Roy Albert Gordon, the defendant * * * which was also used by the Department of Justice in making the recommendations to the Appeal Board." The Government, on September 24, 1957, moved to quash the subpoena.

The defendant is a Selective Service registrant who has made a claim to conscientious objector classification. This claim was denied by his local board, and he appealed.

Pursuant to Section 6(j), Universal Military Training and Service Act, Section 456(j), Title 50 Appendix, the Federal Bureau of Investigation conducted an investigation of the defendant's background. A résumé of its report was given to the defendant. The hearing officer had use of both the original Federal Bureau of Investigation report and the résumé. The hearing officer accorded the defendant a hearing, after which he submitted his report and recommendation to the Department of Justice.

The Department of Justice in turn submitted its recommendation, together with a copy of the résumé, to the defendant's Appeal Board, which then denied the conscientious objector classification sought by the defendant. The Federal Bureau of Investigation report was not submitted to the Local Board or to the Appeal Board.

■ For his claim to the production of the F.B.I. report defendant relied principally on Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. That decision must now be read in the light of Section 3500, Title 18 U.S.C.A., which provides in part:

"(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) to an agent of the Government shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

Defendant contends that the summary of the F.B.I. report transmitted by the Department of Justice to the Appeal Board, was in effect a witness against the defendant. The short answer to that contention, assuming for the moment that defendant's characterization of the summary is correct, is that that witness has not yet "testified on direct examination in the trial of the case."

■ However, defendant's contentions go deeper. Defendant cites United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417; Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467; and Simmons v. United States, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453, for the well settled proposition that a claimant to a conscientious objector classification, who appeals from an adverse decision of his local board, and thus sets in motion the procedures of Section 6(j) Universal Military Training and Service Act, is entitled to a "fair résumé" of the F.B.I. report at his hearing before an officer of the Department of Justice.

In United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417, while the Court recognized the right to a "fair résumé" of the F.B.I. report, it squarely denied the claim that Section 6(j) is unconstitutional if interpreted as not entitling claimants to the production of the report itself.

Defendant seeks to avoid the impact of this decision by pointing to the fact that the Nugent case, and subsequent decisions of the Supreme Court interpreting it, did not involve the particular claim which he advances here—namely, that he is entitled to the F.B.I. report at his trial for willfully refusing to submit to induction.

Defendant maintains that he cannot determine whether the résumé of that report furnished to him, and made available to the Appeal Board, was "fair" as required by United States v. Nugent, unless he can see the report. The recognition of the right to a "fair résumé" of the F.B.I. report in Nugent and the other cases cited plainly cannot be interpreted as a recognition of the right to test the fairness of such résumé by inspection of the report itself, for the latter right was expressly denied in Nugent. Some other meaning, therefore, must be given to the requirement that the résumé be "fair."

Under the procedures provided by Congress for the determination of claims to conscientious objector classification, in Section 6(j), the intervention of the Department of Justice comes only on appeal from an adverse decision by the local draft board. The Department of Justice is required, after an appropriate inquiry, to give the claimant a hearing and thereafter to submit its recommendation to the Appeal Board.

■ Bearing in mind the essential features of the procedure outlined above, it is clear that the requirement that the claimant be furnished with a "fair résumé of the investigation report" at his hearing, means that he must have adequate opportunity to meet the case which is made against him on his appeal. The case which is made against him on his appeal is not necessarily the case which is made against him in the investigation report. The Appeal Board is not, as a rule, furnished the investigation report; it is, as a rule, and it was in this case, furnished with a résumé (a copy of that with which the claimant is furnished) and with the recommendation of the Department of Justice based on the investigation and on the hearing.

■ If the résumé does not correctly reflect adverse information contained in the F.B.I. report the claimant loses some opportunities to persuade the Justice Department to give him a favorable recommendation before the Appeal Board. But an unfavorable recommendation by the Justice Department does not of itself require the Appeal Board to affirm the local board's decision. Section 10(b) (3), of the Universal Military Training and Service Act, provides that the decisions of the local draft board "shall be final." It also provides that the decisions of the appeal boards "shall be final." In Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567, the Court construed the word "final" to permit a very limited scope of judicial review, in prosecutions for willful refusal to submit to induction. The Court held that the courts have power to reach the question of jurisdiction, but it stated "the question * * * is reached only if there is no basis in fact for the classification which (the Board)

gave the registrant." 327 U.S. 114, 122–123, 66 S.Ct. at page 427.

The scope of the review has been further explained in Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 157, 98 L.Ed. 132, where the Court said:

"The task of the courts in cases such as this is to search the record for some affirmative evidence to support the local board's overt or implicit finding that a registrant has not painted a complete or accurate picture of his activities.
* * *

"Local boards are not courts of law and are not bound by traditional rules of evidence; they are given great leeway in hearing and considering a variety of material as evidence. If the facts are disputed the board bears the ultimate responsibility for resolving the conflict—the courts will not interfere. Nor will the courts apply a test of 'substantial evidence.' However, the courts may properly insist that there be some proof that is incompatible with the registrant's proof of exemption." 346 U.S. 389, 396, 74 S.Ct. 152.

This statement of the scope of judicial review in prosecutions for violation of Section 12 is applicable not only to claims under 6(g) of the Act but also to claims under 6(j), as pointed out in Witmer v. United States, 348 U.S. 375, 377, 75 S.Ct. 392, 99 L.Ed. 428.

■ Thus, it appears that in order to sustain a conviction under Section 12, it will have to be shown that the Appeal Board's decision is supported by some affirmative evidence. If this affirmative evidence is not sufficiently referred to in the résumé furnished defendant at his hearing, the unfairness of the résumé can be brought out by him at trial, without the production of the F.B.I. report. It is this consideration which must have prompted the court in United States v. Nugent [346 U.S. 1, 73 S.Ct. 994], to deny the registrant's claim to the production of the report while at the same time insisting that he be furnished with a "fair" résumé of such report. Although the Court said that the claimant is entitled to a fair résumé "of any adverse evidence in the investigator's report," it is plain that the fairness of the résumé in this regard must be tested not by the adverse evidence in the investigator's report but by the adverse evidence in the report which reaches the Appeal Board.

■ Defendant, recognizing that such might be the interpretation of the Nugent opinion, seeks to distinguish it as extending only to cases where fairness of the résumé is being tested against adverse information reaching the Appeal Board. Defendant contends that he has a right to the production of the F.B.I. report here because he has reason to believe that it contains information favorable to his claim, which was wrongfully withheld from the Appeal Board. It should be noted that this contention is not supported by the "fair résumé" requirement of Nugent. When the Court spoke of a "fair résumé" in that case it clearly meant a résumé of adverse evidence.

An allegation that the Department of Justice has withheld from the Appeal Board information which is favorable to defendant raises a question as to whether the Department has honestly performed the duties which Congress has assigned to it under Section 6(j), but I find it difficult to see how it raises a question of procedural due process. I observe here that a claim to procedural due process on appeal does not have the same force as such a claim at first instance. This point is stressed by the Court in United States v. Nugent, 346 U.S. 1, 8, 73 S.Ct. 991. It is for this reason that the Court in Nugent based its requirement of a "fair résumé" upon an interpretation of Section 6(j) rather than upon any constitutional mandate.

Accordingly, I hold that defendant does not have a valid claim to the production of the F.B.I. report at this time.

I should, perhaps, state here, that I reject the view that the résumé or the

recommendation of the Justice Department to the Appeal Board are "witnesses" within the rule in Jencks v. United States. The requirement that the Board's decision be sustained by "some affirmative evidence" as is stated in Dickinson, supra, will not be satisfied by a mere reference to the résumé or the recommendation of the Justice Department, if the defendant denies the truth of the information therein contained. The requirement that upon prosecution under Section 12, the Board's decision be sustained by "some affirmative evidence" would be empty if it were taken to mean that hearsay evidence will suffice.

 The résumé is in the nature of a bill of particulars. The allegations contained therein cannot of themselves support a decision of the Appeal Board. The recommendations of the Department of Justice, in those portions which contain findings of fact, might be treated as part of the record in the administrative proceedings. I have difficulty in treating such findings of fact as part of the record, for they are made by a body, the Department of Justice, which acts merely in an advisory capacity to the Appeal Board and which has no power to decide the issues presented on appeal. However, if it is shown that the decision of the local board is sustained by "some affirmative evidence" in the record made before it, the action of the Appeal Board, in affirming that decision, will likewise be sustained. If it is not shown that the decision of the local board is sustained by the record made before it, and it becomes necessary to sustain the action of the Appeal Board by reference to information contained in the résumé and the recommendation of the Justice Department, and if the defendant challenges the truth of the information therein contained, the Government will be required to establish the truth of so much of this information as is necessary to sustain the Board's action, by competent evidence in this case. If it calls witnesses for this purpose, and there are statements made by those witnesses outstanding in the Justice Department's files, the defendant may by following the procedures prescribed by Section 3500, Title 18, procure the production of such statements. The F.B.I. report which is here in question, insofar as it is a statement made by an agent of the Government reporting what a witness said, and is not "a statement or report * * * made by a Government witness * * * to an agent of the Government," is not covered by Section 3500, Title 18, and the defendant does not have the right to its production in any event. However, any portion of the F.B.I. report which is composed of statements or reports made by Government witnesses will have to be produced if such witnesses are called to testify on behalf of the Government and the defendant, pursuant to the section of the statute I have just quoted, requests their production.

Accordingly, the Government's motion to quash the subpoena duces tecum is hereby granted, and the said subpoena is quashed.